Edward L. Scott, Jr. v. Commissioner.
Scott v. Commissioner
Docket No. 63205.
United States Tax Court
T.C. Memo 1958-117; 1958 Tax Ct. Memo LEXIS 111; 17 T.C.M. (CCH) 638; T.C.M. (RIA) 58117; June 24, 1958
Edward L. Scott, Jr., 481 Vallejo Street, San Francisco, Calif., pro se. Jules Breslow, Esq., for the respondent. WITHEY
Memorandum Opinion WITHEY, Judge: A deficiency in the income tax of petitioner for the year 1952 in the amount of $536.41 has been determined by respondent. The issue for decision is whether respondent has erred in disallowing as deductions certain expenses claimed to have been incurred by petitioner and for which he was not reimbursed by his employer. Stipulated facts are found. Petitioner, a resident of New York City, filed his individual income tax return for 1952 with the director for the Upper Manhattan District of New York. During that year he was employed as "international representative" by Slick Airways, an allcargo airline. In his return he itemized his deductions, which itemization *112 included, among other deductions, "Non-reimbursed expenses" - $1,074.28. Other deductions taken were as follows: Contributions: Church
$120.00
Greater NY Fund, Red Cross,
Disabled Vets
8.50
Polio Fund, ASTCA, Girl
Scouts, TB Fund
14.00
Salvation Army
17.00
Total
$159.50
Interest: Household Finance Corpora-
tion
$ 94.92
Chase National Bank
47.00
Seaboard Finance Company of
N. Y.
48.00
Total
$189.92
Taxes: State Sales Tax
$ 31.24
License Plates (Automobile)
36.00
Total
$ 67.24
Losses from fire, storm, or other casu-
alty or theft: Stolen Personal Effects (two
suits and other articles from
back of car)
$210.00
Total
$210.00
Medical and dental expenses: Paid to Doctors, Dentists, as
per receipts
$167.85
Total
$167.85
Miscellaneous: Contributions to State Unem-
ployment
$ 54.00
From operating automobile
726.08
Total
$780.08 All such deductions were disallowed by respondent for lack of substantiation. However, in lieu thereof, respondent allowed petitioner as a deduction 10 per cent of the adjusted gross income shown on the return. By his pleadings petitioner puts in issue only the disallowance of *113 nonreimbursed traveling expenses. The parties have stipulated as follows: During the year 1952, the petitioner made the following expenditures: Interest payments to Household Fi-
nance Corp., The Chase National
Bank, and the Seaboard Finance
Company of New York
$ 72.53
Sales Tax and license plates
67.24
Doctors, dentist and hospital (ex-
cluding any medicine or drugs)
251.85
Diner's Club
590.17
Wing's Club
177.32
Downtown Athletic Club
646.80
Plaza Hotel
95.10
Hollywood Roosevelt Hotel
35.26
Check drawn to cash, endorsed at a
New York night club
18.55
Gray Line U-Drive in San Francisco
13.92
Petitioner flew to Europe on February 16, 1952, and returned March 16, 1952. He was reimbursed for the trip by his employer in the amount of $233.12. Petitioner borrowed $312 on November 13, 1952, from the Seaboard Finance Company of New York and repaid $30 of the loan during 1952; $500 was borrowed from Household Finance Corporation on June 24, 1952, and he repaid $421.66 of the amount by the end of 1952. Petitioner had two loans with the Chase National Bank (now the Chase Manhattan) during 1952. The sum of $252, borrowed in April, was repaid by *114 September 1952, and in September $504 was borrowed. Final repayment on this later loan was made in January 1953. Petitioner maintained checking accounts in the National City Bank in New York, and the Bank of America in San Francisco, California. The January 1, 1952, balance in the National City Bank was $303.12, and the balance December 31, 1952, was $16.67. Petitioner expended approximately $600 for clothing during 1952, and shared a $175 per month apartment with several other men. In the trial of this case petitioner was not represented by counsel. Although given every opportunity to do so, he had failed completely to establish that he is entitled to deduct the expenses claimed as deductions in his return. There is no showing here as to the duties of an "international representative" of Slick Airways nor, other than that it carried freight, the character or business function of that concern. There is no competent evidence other than the self-serving statements, oral and written, of petitioner relative to any claimed expense the disallowance of which is at issue. Petitioner has failed to show the terms of his employment by Slick Airways or whether Slick Airways was liable to *115 him for the expenditures which he, petitioner, seeks to deduct here. In the event Slick Airways was liable, the expenditures would be deductible by it and not by petitioner. Section 23 of the Internal Revenue Code of 1939 under which the involved expenses might be deductible requires clear and convincing proof of these factors, among others, in order that they be properly held deductible. Petitioner has utterly failed to sustain this burden of proof. Decision will be entered for the respondent.